UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CORDELL FELIX,

    Petitioner,

v.                                               Case No.:  2:19-cv-268-FtM-38MRM
                                                                       2:15-cr-102-FtM-38CM

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Cordell Felix's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Cv. Doc. 1)[2] and Memorandum in Support (Cv. Doc. 1-1) filed on April 24, 2019.  The Government filed a response in opposition (Cv. Doc. 7), and Felix filed a reply (Cv. Doc. 9).  This matter is fully briefed and ripe for review.  For the following reasons, the Court denies the motion.

## **BACKGROUND**

On August 5, 2015, Felix was charged in a two-count Indictment.  (Cr. Doc. 1).  On February 25, 2016, after a bench trial on stipulated facts, the Court found Felix guilty of

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The Court will refer to the civil case docket as "Cv. Doc." and the underlying criminal docket, 2:15-cr-102-FtM-38CM, as "Cr. Doc."

Count one, possession of a firearm and ammunition by a convicted felon under 18 U.S.C. § 922(g)(1) and § 924(e)(1). (Cr. Doc. 52). On October 7, 2016, after determining that Felix was subject to enhanced penalties under the Armed Career Criminal Act, the Court sentenced Felix to 180 months in prison, followed by five years of supervised release. (Cr. Doc.85). Felix appealed his conviction and sentence. (Cr. Doc. 88). The Eleventh Circuit affirmed Felix's conviction and sentence and the United States Supreme Court denied Felix a writ of *certiorari*. *United States v. Felix*, 715 F. App'x 958, 965 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 1711 (2018).

On April 24, 2019, Felix filed the instant § 2255 motion. (Cv. Doc. 1). Felix moves to vacate his sentence on three grounds. (Cv. Doc. 1-1). All three grounds turn on whether the stop and frisk by Officer Ursitti that preceded Felix's arrest violated the Fourth Amendment. (Cv. Doc. 1-1). The Government filed a response to Felix's § 2255 motion. (Cv. Doc. 7). The Government concedes the § 2255 motion is timely (*id.* at 4, fn. 2) and the Court agrees. Nonetheless, the Government contends that the three claims raised in the § 2255 motion are procedurally barred because the Eleventh Circuit rejected the stop and frisk issue on direct appeal. (Cv. Doc. 7 at 4 n.2, 6).

Felix does not request an evidentiary hearing. (*See generally* Cv. Doc. 1). Nonetheless, the Court recognizes its obligation under 28 U.S.C. § 2255(b) and independently finds an evidentiary hearing is not warranted because the "files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

## DISCUSSION

In ground one, Felix claims his Fourth Amendment rights were violated because Officer Ursitti did not possess "reasonable suspicion" to conduct the stop and frisk of Petitioner because (a) Officer Ursitti was only constitutionally-permitted to search one street in the neighborhood into which the armed robbers fled, but not the street on which the Petitioner was found, (b) Petitioner was not sweating or acting nervous when stopped, and (c) Petitioner dropped to his knees during the *Terry* stop and purportedly posed no threat, so no "pat-down" was necessary. (Doc. 1-1 at 1-3). In his third claim for relief, Felix attributes trial court error to the Court in denying his motion "to suppress all evidence derived from" Officer Ursitti's stop and frisk because even if the stop of the Petitioner was reasonable at the outset, the pat down was not supported by reasonable suspicion that Petitioner might be armed, and specifically, that the robbery victim needed to positively identify the Petitioner as the armed robber before officers could check to see if he was armed. (Doc. 1-1 at 5-6).

On direct appeal, Felix challenged on Fourth Amendment grounds the Court's denial, after a suppression hearing, of his motion to suppress on the basis that Officer Ursitti did not have a reasonable suspicion to stop him. Specifically, Felix argued "that the fact that he may have met what was a broad description of the suspects did not constitute a particularized fact sufficient to support a finding of reasonable suspicion." *Felix*, 715 F. App'x at 961 (Cr. Doc. 113 at 7). The Eleventh Circuit in affirming the Court's order denying the motion to suppress found that "[b]ased on the totality of the circumstances, Officer Ursitti had reasonable suspicion" to engage in an investigatory stop of Felix and further concluded that "patting him down for weapons" was "well within

the bounds of the Fourth Amendment and *Terr*y."³  *Felix* at 963 (Cr. Doc. 8-10).  This Court "is not required to reconsider claims of error that were raised and disposed of on direct appeal."  *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under Section 2255." *Ibid.*; *see also Hidalgo v. U.S.*, 138 F. App'x 290, 291 (11th Cir. 2005).  To the extent Felix contends that the arguments in support of these two grounds are different than the argument he raised on direct appeal, such argument fails.  Felix's argument in support of each of these grounds is "materially identical" to the claim he raised on direct appeal.  *Hidalgo* at 293.  Even if different, Felix "cannot repackage the same facts as a different argument" because any new arguments based upon facts that previously existed would now be procedurally barred.  *Id.* at 294 (*citing Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004).  Thus, because Felix raised the issue upon which his claims are predicated on direct appeal, the Court will not consider them again in his collateral motion.  Consequently, the Court denies grounds one and three.

In ground two, Felix asserts a Sixth Amendment violation claiming trial counsel purportedly failed to challenge the stop by Officer Ursitti on reasonable suspicion grounds, as opposed to probable cause grounds, and specifically, failed to argue that if Officer Ursitti had taken a different route to the neighborhood into which the armed robbers fled, Ursitti may have apprehended the armed robbers.  (Cv. Doc. 1-1 at 3-5).  At the outset, Felix's attempt to repackage his Fourth Amendment claim as ineffective assistance of counsel claim fails.  *United States v. Nyhuis*, 211 F.3d at 1343.  Furthermore, the record

---

³ *Terry v. Ohio*, 392 U.S. 1 (1968).

refutes the factual basis of Felix's claim because trial counsel did challenge on Fourth Amendment grounds the stop and frisk in a motion to suppress arguing that "Officer Ursitti did not have reasonable suspicion to stop" Felix. (Cr. Doc. 20 at 4). After response by the Government (Cr. Doc. 24), the Court held a suppression hearing. (*See* docket entry dated December 2, 2015). Thereafter, the Court denied the motion to suppress. (Cr. Doc. 43). As discussed *supra*, the Eleventh Circuit Court of Appeals affirmed the Court's denial of the motion to suppress. Thus, even if counsel had failed to move to suppress the stop, Felix cannot show counsel was deficient as required by *Strickland*[4] because he cannot show the outcome of the proceedings would have been any different because the Eleventh Circuit has already determined Felix's Fourth Amendment challenge to the stop and frisk on direct appeal was without merit. *Felix*, 715 F. App'x at 961-63 (finding Officer Ursitti's stop and frisk was lawful).

Accordingly, it is now

**ORDERED:**

1. Felix's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED.**

2. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions, and close this case.

3. The Clerk is **DIRECTED** to docket this Opinion and Order in the corresponding criminal file at 2:15-cr-102-FtM-38CM and terminate any pending motions therein.

**IT IS FURTHER ORDERED: A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of

---

[4] *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. *See* 28 U.S.C. § 2253(c)(1); *see also* Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations omitted). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of September 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

FTMP-1
Copies: All Parties of Record